UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOMMIE LOVING, individually and on behalf of others similarly situated,

Plaintiff,

-against-

CHAMPIONS FUNDING, LLC,

Defendant.

**ORDER**

26-CV-08243 (PMH)

PHILIP M. HALPERN, United States District Judge:

On September 22, 2026, Champions Funding, LLC, ("Defendant") filed a Notice of Removal, removing this action from the Supreme Court of the State of New York, County of Westchester, to this Court. (Doc. 1, "Not. of Removal"). For the reasons set forth below, this matter is REMANDED to the Supreme Court of the State of New York, County of Westchester.

## BACKGROUND

The Notice of Removal attached copies of the following documents: (1) Complaint (Doc. 1-1); (2) First Amended Complaint (Doc. 1-2, "AC"); and (3) Notice of Filing of the Notice of Removal (Doc. 1-3). Defendant asserts that this Court has subject matter jurisdiction over this dispute because complete diversity exists between the parties. (Not. of Removal ¶¶ 13-14).

## ANALYSIS

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). "The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). "The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing

the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). While defendants need not "prove the amount in controversy to an absolute certainty," they have "the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id*. (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendants' notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id*. (quoting *Lupo*, 28 F.3d at 273-74)..[1] Federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability." *Lupo*, 28 F.3d at 274 (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)).

The Amended Complaint alleges that Plaintiff and the proposed class members regularly worked off the clock for Defendant's benefit, during meal breaks and after clocking out of a shift, resulting in the deprivation of substantial pay including overtime hours; that Plaintiff and the proposed class members incurred business-related expenses and costs that were not reimbursed; that Defendant failed to furnish accurate itemized wage statements; that Defendant did not timely pay wages; and Defendant did not furnish the notice required under New York Labor Law § 195(1)(a). (*See generally* AC). The pleading does not state a specific sum of money sought from Defendant.

[1] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

Defendant failed to allege any facts in the Notice of Removal to establish that the amount in controversy exceeds the jurisdictional amount. "[N]either the Complaint nor the Notice of Removal 'contains sufficient information specifying the nature and extent of Plaintiff's injuries that would permit this Court to draw a reasonable inference that the amount-in-controversy requirement has been satisfied.'" *Muniz v. CVS Albany, L.L.C.*, No. 21-CV-08179, 2021 WL 4596539, at *2 (S.D.N.Y. Oct. 6, 2021) (quoting *Brown v. NutriBullet, LLC*, No. 19-CV-05421, 2019 WL 5287960, at *2 (E.D.N.Y. Oct. 18, 2019)). Defendant also has not furnished any written indication of the amount in controversy. (*See generally* Not. of Removal).

Thus, as federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability," *Lupo*, 28 F.3d at 274 (quoting *Somlyo*, 932 F.2d at 1046), Defendant's failure to allege that the amount in controversy exceeds the jurisdictional threshold of 28 U.S.C. § 1332(a) is fatal to the removal. *See Minaudo v. Sunrise at Sheepshead Bay*, No. 22-CV-02579, 2023 WL 110359, at *3 (E.D.N.Y. Jan. 5, 2023) (remanding action where "neither the complaint nor the notice of removal clearly alleges the amount in controversy or facts adequate to establish the jurisdictional amount has been exceeded.").

## CONCLUSION

Based upon the foregoing, the Court concludes that Defendant failed to satisfy its burden of establishing that the amount in controversy exceeds $75,000. Removal is therefore improper. Accordingly, this action is REMANDED to the Supreme Court of the State of New York, County of Westchester. The Clerk of the Court is respectfully directed to send a copy of this Order to the Supreme Court of the State of New York, County of Westchester, and to close this case.

All pending matters are hereby terminated.

**SO ORDERED:**

Dated: White Plains, New York
September 23, 2026

Philip M. Halpern
United States District Judge